[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 20, 2009
THOMAS K. KAHN
CLERK

No. 08-12019

D. C. Docket No. 03-00099-CV-WTM-1

NORTHERN INSURANCE COMPANY
OF NEW YORK, subrogated to the rights of
James K. Ludwig, Jr. and Carol C. Ludwig,

Plaintiff-Appellant,

versus

CHATHAM COUNTY, GEORGIA,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Georgia

**(January 20, 2009)**

Before BIRCH and PRYOR, Circuit Judges, and STROM,* District Judge.

STROM, District Judge:

---

* Honorable Lyle E. Strom, Senior United States District Judge for the District of Nebraska, sitting by designation.

This appeal arises out of an allision[1] between <u>Love of My Life</u>, a yacht owned by James and Carol Ludwig, and the Causton Bluff Bridge, a drawbridge owned and operated by Chatham County, Georgia. The district court held a bench trial on March 5, 2008, to determine liability and damages in this case, entering its findings of fact and conclusions of law on March 26, 2008. Appellant Northern Insurance Company of New York ("Northern") argues that the district court erred in finding that only a portion of the damage to the vessel was caused by the allision, that <u>Love of My Life</u> was a pleasure craft, and that Northern was entitled to simple interest at a rate of 4.75% per annum.

This Court reviews the factual findings of a district court sitting in admiralty for clear error, and reviews <u>de novo</u> its conclusions of law. <u>Dresdner Bank AG v. M/V Olympia Voyager</u>, 463 F.3d 1233, 1236 (11th Cir. 2006). A "district court's decision whether to award pre-judgment interest is reviewed for abuse of discretion. The rate of prejudgment interest that should be awarded is the prime rate during the relevant period." <u>Sunderland Marine Mut. Ins. Co. v. Weeks Marine Const. Co.</u>, 338 F.3d 1276, 1280 (11th Cir. 2003) (internal citation omitted).

---

[1] An allision occurs when a moving vessel strikes a stationary object such as a dock. <u>Fischer v. S/Y NERAIDA</u>, 508 F.3d 586, 589 n.1 (11th Cir. 2007).

Upon review of the record, the briefs and oral arguments of counsel, and the applicable law, we conclude that the district court's finding that part of the damage to <u>Love of My Life</u> was not caused by the allision was not clearly erroneous, nor did the court clearly err in finding that she was a pleasure craft. Similarly, the district court did not abuse its discretion in awarding Northern simple interest at 4.75%.

There being no reversible error, we affirm the judgment of the district court. AFFIRMED.